1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7   ROBERT C. DENHAM, JR., also
    known as Bobbie,                          NO:  2:14-CV-281-RMP
8
                          Plaintiff,          ORDER GRANTING DEFENDANTS'
9        v.                                   MOTION TO DISMISS PURSUANT
                                              TO FEDERAL RULE OF CIVIL
10  RICHARD L. CEASE; WILLIAM                 PROCEDURE 12(b)(6) AND
    CHARLES HENRY; and WILLIAM J.             REQUEST FOR JUDICIAL NOTICE
11  ROE,

12                        Defendants.

13

14       BEFORE THE COURT is Defendants' Motion to Dismiss Pursuant to Fed.

15  R. Civ. P. 12(b)(6) and Request for Judicial Notice, **ECF No. 5**.[1]  The motion was

16  _____

    [1] Defendants request that the Court take judicial notice of several court documents

17  filed in the underlying state action, *State of Washington v. Robert Carroll Denham,*

18  Spokane County Superior Court Cause No. 21042.  ECF No. 5 at 4.  The Court grants

19  Defendants' request and takes judicial notice of the state court Special Verdicts,

20  Motion for Arrest of Judgment, or in the Alternative, a New Trial, the Motion to

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

heard without oral argument on November 21, 2014.  The Court has reviewed the motion, Plaintiff's response, ECF No. 8, Defendants' reply memorandum, ECF No. 10, Plaintiff's response to Defendant's reply, ECF No. 11,[2] all relevant filings, and is fully informed.

Mr. Denham's complaint, filed pursuant to 42 U.S.C. § 1983, asserts that his 1973 conviction and imprisonment for Second Degree Assault involved a conspiracy on the part of his public defender, the prosecutor, and the presiding Superior Court judge to substitute a guilty plea for a jury guilty verdict.  ECF No. 1.  Mr. Denham asserts four causes of action:  (1) conspiracy to deprive him of the right to appeal, (2) legal malpractice, (3) breach of fiduciary duty and (4) fraud and intentional infliction of emotional distress.  ECF No. 1.  Defendants move to dismiss the four causes of action because all of the causes of action are barred by the statute of limitations.

_____

Dismiss Action (Count IV), Order Dismissing Action Count IV of the Amended Information, and Judgment and Sentence, all under Federal Rule of Evidence 201.  *See* ECF Nos. 5 and 10; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[2] Although the Court did not grant Mr. Denham leave to file his response to Defendant's reply memorandum, because Mr. Denham is appearing in this matter pro se, the Court will consider his additional filing along with the other pleadings.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

**BACKGROUND**

Mr. Denham was convicted by jury on March 13, 1973, of two counts of second degree assault (Counts III and IV of the Amended Information).  ECF No. 1 at 16-17.  The following day, Mr. Denham's public defender filed a Motion for Arrest of Judgment, or, in the Alternative, A New Trial.  ECF No. 5 at 8-9.  On April 25, 1973, the prosecutor moved in open court for dismissal of Count IV, and the presiding judge ordered the dismissal.  ECF No. 5 at 13.

At the same proceeding, the judge heard statements from the prosecuting attorney, defense counsel, and Mr. Denham, and then issued a Findings of Fact, noting that Mr. Denham had pleaded guilty to Count III of second degree assault.  ECF No. 1 at 19.  The court entered a Judgment and Sentence, which stated that the judge had "interrogated [Denham] and informed him of the charge."  The court further stated that it had "been advised by the defendant that he understood the nature of the charge and was ready and willing to enter his plea . . . ."  Mr. Denham served five years in prison and was paroled in 1978.  ECF No. 8 at 9.

In 2012, Mr. Denham was involved in proceedings to obtain guardianship of his granddaughter.  He received a letter, dated August 27, 2012, from the Washington Department of Social and Health Services (hereinafter "DSHS"), regarding a background check conducted by DSHS.  ECF No. 1 at 26; ECF No. 11 at 3.  The letter listed six criminal incidents on Mr. Denham's record, including

"Second Degree Assault Count III:  Sentence 10 years."  ECF No. 1 at 26.

According to Mr. Denham, this letter caused him to review his "past criminal

incidents and outcomes."  ECF No. 1 at 4.  Mr. Denham states that the DSHS letter

"is what led [him] to <u>discover</u> the "conspiracy" and its nature and extent . . . ."

ECF No. 8 at 3 (emphases in original).

Prior to receiving the letter, Mr. Denham allegedly "had NO knowledge after

the jury verdict of guilty of Count III and IV, . . . that Defendants had intentionally,

or with deliberate indifference to the jury trial verdict result changed an integral

part of the judicial process . . . ."  ECF No. 8 at 3 (emphasis in original).

According to Mr. Denham, he did not learn that he had been sentenced under a

guilty plea until his investigation following receipt of the DSHS letter.  ECF No. 8

at 3  He repeatedly asserts that he never pleaded guilty, *see, e.g.*, ECF No. 11 at 2-

4; ECF No. 8 at 6, and claims that Defendants conspired to falsify the court record

to reflect a guilty plea in order to deny him the ability to appeal his sentence, ECF

No. 1 at 4.

Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6), arguing that the complaint is barred by the statute of

limitations.  ECF No. 5 at 4.

**DISCUSSION**

The parties agree that, because there is no specified statute of limitations for an action filed under 42 U.S.C. § 1983, the Court looks to the law of the state in which the cause of action arose and applies that state's personal injury suit statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (stating that under § 1983 "federal law looks to the law of the State in which the cause of action arose," to determine the applicable statute of limitations period. The relevant statute of limitations "is that which the State provides for personal-injury torts."). The parties agree that the statute of limitations for personal injury actions in Washington State is three years from the time the cause of action accrues. Wash. Rev. Code § 4.16.080 (2006).

In this case, Mr. Denham alleges a §1983 claim based on violations of his Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. ECF No. 1 at 1. Mr. Denham specifies four specific causes of actions that allegedly comprise the conspiracy that he alleges deprived him of his Constitutional rights: (1) conspiracy to deprive him of the right to appeal, (2) legal malpractice, (3) breach of fiduciary duty and (4) fraud and intentional infliction of emotional distress. In analyzing whether the causes of action are barred, the Court relies on Washington State's three year statute of limitation for personal injury actions.

Defendants contend that the causes of action accrued on April 25, 1973, the day that the Court found that Mr. Denham pleaded guilty.  ECF No. 5 at 4.  Mr. Denham argues in opposition that the causes of action accrued on August 27, 2012, when he received the DSHS letter.  ECF No. 11 at 2.

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."[3]  *Wallace*, 549 U.S. at 388.  "It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . , that is, when the plaintiff can file suit and obtain relief."  *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (internal quotation marks omitted).

Additionally, federal courts are instructed to apply all applicable tolling provisions provided by state law.  *Wallace*, 549 U.S. at 394.  Two Washington state tolling provisions are relevant here.  First, at the time of Mr. Denham's incarceration, Washington law tolled the statute of limitations during imprisonment.  Wash. Rev. Code § 4.16.090 (1971) (amended 1993).  Current

---

[3] Mr. Denham asserts several causes of action which do not constitute violations of federal law.  Section 1983 applies only to violations of federal law, but the Court interprets Mr. Denham's reference to the state causes of action as being the bases for his allegations of conspiracy.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

Washington law tolls the statute only during incarceration prior to conviction. Wash. Rev. Code §4.16.190(1) (2006).  The Court will apply the earlier, more generous tolling provision.  Mr. Denham states that he was paroled in 1978.  ECF No. 8 at 9.  Applying the earlier tolling provision, the statute of limitations for this action expired in 1981, three years after Mr. Denham was released from prison.

Second, the statute of limitations may be tolled by the "discovery rule," which provides that the statute of limitations does not begin to run until the complainant discovers, or in the exercise of reasonable diligence should have discovered, the facts giving rise to the action.  "A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (quoting *Norco Constr., Inc. v. King Cnty.*, 801 F.2d 1143, 1145 (9th Cir. 1986)) (internal quotation marks omitted).

Washington law provides that in an action alleging fraud, "the cause of action [shall] not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."  Wash. Rev. Code § 4.16.080 (4).  In interpreting this provision, the Ninth Circuit has stated that "the statute of limitations begins to run when the plaintiff knew or should have known all of the essential elements of its applicable cause of action." *Coto Settlement*, 593 F.3d at

1    1038-39 (citing *La.-Pac. Corp. v. ASARCO, Inc.*, 24 F.3d 1565, 1580 (9th Cir.

2    1994).

3         Mr. Denham relies on the DSHS letter that he received in August of 2012 as

4    a basis for tolling the statute of limitations, maintaining that he did not look into

5    the details of the 1973 conviction until he received the letter.  ECF No. 8 at 9.

6    Thus, Mr. Denham argues that the discovery rule should apply, tolling the statute

7    of limitations until August of 2012 when he received the DSHS letter.

8         Although Mr. Denham may not have discovered the alleged impropriety of

9    his conviction until the letter from DSHS provoked him to conduct an

10   investigation, Mr. Denham should have made that discovery much earlier.  Mr.

11   Denham contends that "he never pleaded guilty to any of the charges," ECF No. 8

12   at 8, yet he was apparently present when the court accepted his guilty plea to Count

13   III of the indictment on April 25, 1973, ECF No. 1 at 19 (". . . [T]he court after

14   hearing the statement of the prosecuting attorney, the defense counsel and the

15   defendant . . . ."); ECF No. 1 at 21 ("Robert Carroll Denham, being represented by

16   Richard D. Cease, his attorney, appeared before the Honorable Willard J. Roe on

17   April 25, 1973, and upon his plea of guilty . . . .").  Additionally, the Board of

18   Prison Terms and Paroles apparently interviewed Mr. Denham regarding his

19   conviction and sentence prior to sentencing him.  ECF No. 1 at 24 ("The Board of

20   Prison Terms and Paroles . . . having interviewed said convicted person . . . .").

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

1    Mr. Denham has not alleged that the 2012 DSHS letter contained any new

2  information that was previously unavailable to, or concealed from, Mr. Denham.

3  The letter merely stated the fact, of which Mr. Denham should have been aware,

4  that he had been convicted of second degree assault.  Apart from Mr. Denham's

5  alleged ignorance of the fact that he was convicted pursuant to a plea rather than a

6  jury verdict, Mr. Denham has not alleged any additional facts which provide the

7  basis for his injury or the elements of his alleged causes of action of which he was

8  not previously aware.  By the exercise of due diligence he should have discovered

9  these facts earlier, and therefore is not entitled to application of the discovery rule

10  tolling the statute of limitations.   The Court finds that Plaintiff's claim is barred by

11  the applicable statute of limitations for bringing such an action.

12    Accordingly**, IT IS HEREBY ORDERED**:

13    (1) Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and

14      Request for Judicial Notice, **ECF No. 5,** is **GRANTED**;

15    (2) Plaintiff's claim against Defendants is **DISMISSED** with prejudice.

16    The District Court Executive is directed to enter this Order, enter judgment

17  accordingly, provide copies to counsel and to pro se Plaintiff, and **close this case**.

18    **DATED** this 7th day of January 2015.

19      _____*s/ Rosanna Malouf Peterson*_____
        ROSANNA MALOUF PETERSON
20      Chief United States District Court Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9